# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **GENE SHANNON,** | ) | **CASE NO. 8:08CV524** |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| **ROBERT P. HOUSTON,** | ) | |
| Respondent. | ) | |

This matter is before the Court on the Petition for a Writ of Habeas Corpus timely[1] filed under 28 U.S.C. § 2254 (Filing No. 1), filed by the Petitioner, Gene Shannon, through counsel. Shannon has also filed a supporting brief and index (Filing Nos. 2, 3.) The Petition is before the Court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Shannon's claims are summarized below.

Claim One: the Information in his state case did not state the name of the victim, in violation of his Fifth Amendment right not to be subjected to double jeopardy and Sixth Amendment right to confrontation;

Claim Two: the Information in his state case did not state the name of the victim, in violation of his Fifth Amendment right not to be subjected to double jeopardy and Sixth Amendment right to confrontation;[2]

---

[1] The Supreme Court denied the petition for a writ of certiorari on October 6, 2008. *Shannon v. Nebraska,* 129 S. Ct. 229 (2008). The Petition in this case was filed on December 5, 2008. (Filing No. 1.)

[2] Claim Two appears to be identical to Claim One.

Claim Three: the state court erred in overruling Shannon's plea in abatement, motion to quash, and demurrer arguing that the information was deficient for failing to name a victim;

Claim Four: the state court erred in failing to give jury instructions relating to "deadly force self-defense," "defense of others self-defense," and self-defense;

Claim Five: the state court erred in denying Shannon's motion for a mistrial; and

Claim Six: the evidence was insufficient to support a conviction.

Liberally construed, the Court preliminarily concludes that the Petitioner's claims are potentially cognizable in federal court. The Court cautions, however, that it has not determined the merits of any claim or possible defense, including whether any claim is barred by procedural default.

IT IS ORDERED:

1. Upon preliminary review of the Petition for a Writ of Habeas Corpus (Filing No. 1), the Court concludes that the Petitioner's claims are potentially cognizable in federal court.

2. The Clerk is directed to mail copies of this order and the Petition for a Writ of Habeas Corpus, Supporting Brief, and Index (Filing Nos. 1, 2, and 3) to the Respondent and the Nebraska Attorney General by regular first-class mail.

3. On or before March 30, 2009, the Respondent must file a motion for summary judgment or an answer.

4. If the Respondent files a motion for summary judgment, the parties must abide by the following procedures.

   a. A separate brief must be filed simultaneously with the motion for summary judgment.

   b. The motion for summary judgment must be supported by state court records necessary to the support of the motion; the records must be contained in a separate filing entitled "Designation of State Court Records in Support of Motion for Summary Judgment."

   c. Copies of the motion for summary judgment, the designation, including state court records, and the Respondent's brief, must be served on the Petitioner except that the Respondent is only required to provide the Petitioner with a copy of the specific pages of the record cited in the Respondent's brief.  If the Petitioner deems the designation of state court records insufficient, the Petitioner may file a motion requesting additional documents, stating the specific documents requested and why they are relevant to the cognizable claims.

   d. No later than 30 days after the motion for summary judgment is filed, the Petitioner must file and serve a brief in opposition to the motion for summary judgment.  The Petitioner may not submit any other documents unless directed to do so by the Court.

   e. No later than 30 days after the filing of the Petitioner's brief, the Respondent must file and serve a reply brief.

    f.    If the Court denies the motion for summary judgment, the Respondent must file an answer, a designation, and a brief that complies with the terms of this order.  (See the next paragraph.)  The documents must be filed no later than 30 days after the denial of the motion for summary judgment.  ***The Respondent is warned that the failure to file a timely answer, designation, and brief may result in sanctions, including the Petitioner's release.***

5.    If the Respondent files an answer, the parties must abide by the following procedures.

    a.    No later than 30 days after the filing of the answer, the Respondent must file a separate brief.  Both the answer and brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition.  *See,e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases*.

    b.    The answer must be supported by all state court records relevant to the cognizable claims.  *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases*.  Those records must be in a separate filing entitled "Designation of State Court Records In Support of Answer."

    c.    Copies of the answer, the designation, and Respondent's brief must be served upon the Petitioner except that the Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record cited in the Respondent's brief. If the Petitioner deems the designation of state court records insufficient, the Petitioner may file a motion requesting additional documents, stating the documents requested and why they are relevant to the cognizable claims.

    d.    No later than 30 days after the filing of the Respondent's brief, the Petitioner must file and serve a responsive brief. The Petitioner may not submit any other documents unless directed to do so by the Court.

    e.    No later than 30 days after the filing of the Petitioner's brief, the Respondent must file and serve a reply brief.

6.    No discovery may be undertaken without leave of court. *See* Rule 6 of the *Rules Governing Section 2254 Cases.*

DATED this 9th day of February, 2009.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge