IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GENE SHANNON, | ) | CASE NO. 8:08CV524 |
| Petitioner, | ) ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| ROBERT P. HOUSTON, | ) ) ) | |
| Respondent. | ) | |

This matter is before the Court on the appeal (Filing No. 14) of the Magistrate Judge's order (Filing No. 13) denying the motion for sanctions (Filing No. 8) filed by the Petitioner, Gene Shannon. The Court has considered the brief (Filing No. 15) and evidence (Filing No. 16) filed by the Petitioner and the brief (Filing No. 23) filed by the Respondent, Robert P. Houston.

**FACTUAL BACKGROUND**

The Petitioner filed a motion for sanctions under Federal Civil Rule of Procedure 11, arguing that the Respondent's answer to the Complaint is general, does not fairly respond to the Complaint's allegations, and was frivolous and filed in bad faith. The motion does not include a certificate of service. (Filing No. 8.) Magistrate Judge F.A. Gossett denied the motion because the Petitioner did not comply with the "safe harbor" requirement of Federal Rule of Civil Procedure 11(c)(2), which provides: "The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Federal Rule of Civil Procedure 5(d)(1) requires a certificate of service.

The Petitioner filed a motion for reconsideration (Filing No. 14), which Judge Gossett directed to be docketed as an appeal. The Petitioner argues that he complied with Rule 5 by serving the Respondent's attorneys on April 3, 2009, 21 days before filing the motion for sanctions, with the motion. The Petitioner also states that the undersigned received a copy of the e-mail[1] and hand delivery of the same on April 6, 2009.

In response, the Respondent argues that the Petitioner's motion for sanctions is defective because it lacks a certificate of service. The Respondent's counsel do not address whether they received service of the motion as described by the Petitioner. The Respondent also argues that the motion for sanctions, filed before the Respondent's initial brief and evidence on the merits were filed, was premature and lacks substantive merit.

## DISCUSSION

Under 28 U.S.C. § 636(b)(1)(A), the court has reviewed the order from which this appeal has been taken. In an appeal from a magistrate judge's order on a pretrial matter within 28 U.S.C. § 636(b)(1)(A), a district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

The Respondent has not directly admitted receiving the proposed motion on or before April 3, 2009. The only information in the record stating that this occurred is in the affidavit submitted by the Petitioner's counsel. The affidavit neither includes a notary public's signature nor the following language that is otherwise required in the absence of a notary public's stamp and signature:

---

[1] The Petitioner states that the e-mail sent to the undersigned was sent to the following e-mail address: lsc.ned.uscourts.gov.  (Filing No. 17,¶ 3.)

2

"I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

(Signature)".

28 U.S.C. § 1746(2).

Rather, the affidavit states that it was made on personal knowledge and that the affiant was competent to testify to the matters stated, and that the facts in the affidavit would be admissible in evidence in a court of law.  (Filing No. 16, ¶¶ 1, 2, 5.)  The affidavit falls short of the applicable procedural requirements, and therefore, without a certificate of service or a direct admission of opposing counsel to timely receiving the motion, the record includes no evidence that the Rule 11 motion was served as required.

There is no requirement that the motion be served on the Court 21 days before the filing of the motion. Nevertheless, the Court addresses the statements that the motion was delivered to the Court.  The Court sent the delivered documents to the Clerk for filing on the Court's CM/ECF system.  The Court notes parenthetically that the e-mail address to which the Petitioner's counsel stated that he e-mailed information regarding his timely service of the motion on the Respondent's counsel, "lsc.ned.uscourts.gov," is not and never has been the e-mail address of the undersigned or anyone in chambers.

The Eighth Circuit has not decided whether the safe harbor provision of Rule 11(c)(2) is jurisdictional.  Other courts disagree with respect to this question.  *See, e.g., First Bank of Marietta v. Hartford Underwriters Ins. Co.,* 307 F.3d 501, 510-11 (6th Cir. 2002) (compliance with the safe harbor provision is mandatory); *Lindner v. American Exp. Corp.,* 2009 WL 54493, at 2 (S.D.N.Y. Jan. 8, 2009) (the failure to comply with the safe harbor provision results in a denial of sanctions); *Dalton v. Fleming,* 2008 WL 4571509, at *3 (S.D. Ala. Oct. 14, 2008) (the requirement is jurisdictional, was not waived, and the

failure to comply with the safe harbor provision resulted in denial of the motion for sanctions); *Olson v. AT & T Corp.,* 2008 WL 2967167, at *1 (D. Kan. July 31, 2008) (motion for sanctions denied for failure to comply with safe harbor provision). *But see, e.g., Rector v. Approved Federal Sav. Bank,* 265 F.3d 248, 253 (4th Cir. 2001) (the safe harbor provision is not jurisdictional and may be waived). The weight of authority requires compliance with the safe harbor provision. Therefore, in this case the Court concludes that the motion for sanctions is denied for lack of evidence in the record indicating compliance with the safe harbor provision of Rule 11(c)(2).

The Court will also address the substantive issue. Federal courts adhere to a system that requires "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(d)(1). The federal rules specifically provide that "[a] party that intends in good faith to deny all the allegations of a pleading–including jurisdictional grounds–may do so by a general denial." Fed. R. Civ. P. 8(b)(3). An examination of the Respondent's Answer satisfied the federal rules of pleading. Therefore, the motion for sanctions has no substantive merit. The magistrate judge's order is not clearly erroneous or contrary to law.

IT IS ORDERED:

1. The appeal (Filing No. 14) of the Magistrate Judge's order (Filing No. 13) denying the Petitioner's motion for sanctions is denied; and

2. The Magistrate Judge's order (Filing No. 13) denying the Petitioner's motion for sanctions is affirmed.

DATED this 14th day of September, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge