IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GENE SHANNON, | ) | CASE NO. 8:08CV524 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ROBERT P. HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Petition for a writ of habeas corpus (Filing No. 1) filed by the Petitioner, Gene Shannon, under 28 U.S.C. § 2254. The Petition is supported by a brief (Filing No. 2) and an index of evidence (Filing No. 3).

## FACTUAL BACKGROUND

The following is a brief summary of the facts stated by the Nebraska Court of Appeals. (Filing No. 7-2, at 1-11.) In reviewing a § 2254 petition, the state court's determinations of fact are presumed correct. 18 U.S.C. § 2254(e)(1).[1]

The events underlying the convictions occurred on March 29, 2006, in the parking lot at Skateland, a roller skating rink in Omaha, Nebraska. That evening was a special event attended by several hundred people. Two security officers primarily covered the

---

[1] A petitioner may only rebut, by clear and convincing evidence, factual issues decided by the state court. 28 U.S.C. § 2254(e)(1). Shannon argues two factual issues. First, he argues that the Nebraska Court of Appeals wrongly determined that the crime lab technician responsible for the crime testified that no .22 caliber casings or projectiles were found at the scene. Second, he argues that the Court of Appeals relied on the testimony of only two witnesses, Jeryl Carey and Tovey Goynes. However, the trial transcript reflects that the crime lab technicians' testimony is consistent with the state court's factual finding. (Filing No. 7-15, at 35:18-21.) The state court opinion shows clearly that the court considered the testimony of numerous witnesses. (Filing No. 7-2, at 6-11.) Therefore, Shannon has not met his burden of showing by clear and convincing evidence that the Court of Appeals erred in its factual determinations.

inside of the building, and two others, Jeryl Cary and Tovey Goynes, primarily watched outside. According to Cary's and Goynes's testimony, when Shannon exited the building, a group of about six males who had been in the parking lot began hitting and kicking Shannon. Several shots were fired into the air by some individuals at the west end of the parking lot. Shannon escaped and ran to a car at the north end of the parking lot. Cary's and Goynes's testimony conflicts with respect to several details, including whether: there were other shooters; other shots were being fired when Shannon was shooting; Shannon was shooting at anyone; and whether Shannon shot anyone. Other witnesses included the crime lab technician, who testified that no .22 caliber casings or projectiles were found at the scene. Shannon did not testify.

## PROCEDURAL BACKGROUND

The original Information filed by the State charged Shannon with: assault on Melonie Jenkins (Count I); use of a weapon to commit a felony (Count II); assault on Robert Brannon (Count III); and use of a weapon to commit a felony (Count IV). (Filing No. 7-5, at 9-13.) The State amended the Information to charge the following: attempted assault in the first degree (Count I) and use of a weapon to commit a felony (Count II). (*Id.*, at 9-11.) Trial was held in the District Court of Douglas County, Nebraska, from January 22-26, 2007, and Shannon was found guilty of both counts. (Filing No. 7-6, at 49 through Filing No. 7-23, at 1313.) Shannon was sentenced to consecutive terms of 5 to 5 years imprisonment on Count I and 6 to 8 years imprisonment on Count II. (Filing No. 7-24, at 1329.)

The Nebraska Court of Appeals affirmed the conviction. (Filing No. 7-2, at 23.) In his direct appeal, Shannon argued that the trial court erred in:

> (1) allowing the State to amend the information because it fails to allege the identity of the victim, (2) overruling his plea in abatement, motion to quash and demurrer because the amended information fails to allege the identity of the victim, (3) failing to give a jury instruction on self-defense and defense of another, (4) overruling his motion for mistrial, and (5) finding that there was sufficient evidence to sustain a conviction.

(Filing No. 7-2, at 11.)

The Nebraska Supreme Court overruled Shannon's petition for further review, in which Shannon raised the same issues. (Filing No. 7-2, at 25.) Shannon did not file a state postconviction proceeding. The United States Supreme Court denied Shannon's petition for a writ of certiorari. (*Id.*, at 26.) This action followed.

Shannon raises the following issues in his Petition with respect to his state case:

Claim One: the Amended Information did not state the name of the victim, in violation of his Fifth Amendment right not to be subjected to double jeopardy and Sixth Amendment right to confrontation;

Claim Two: the Amended Information did not state the name of the victim, in violation of his Fifth Amendment right not to be subjected to double jeopardy and Sixth Amendment right to confrontation;[2]

Claim Three: the state court erred in overruling Shannon's plea in abatement, motion to quash, and demurrer arguing that the Amended Information was deficient for failing to name a victim;

Claim Four: the state court erred in failing to give jury instructions relating to "deadly force self-defense," "defense of others self-defense," and self-defense;

---

[2] Claim Two appears to be identical to Claim One.

3

>Claim Five:	the state court erred in denying Shannon's motion for a mistrial; and
>
>Claim Six:	the evidence was insufficient to support a conviction.

(Filing No. 1.)

On initial review, the Court concluded that all of the claims were potentially cognizable in federal court and ordered the Respondent, Robert P. Houston, to answer or move for summary judgment. The Respondent filed an Answer (Filing No. 6), an index of state court records (Filing Nos. 7, 9), and a brief (Filing No. 10). Shannon filed a reply brief (Filing No. 24), and Houston filed a sur-reply brief (Filing No. 26).

## DISCUSSION

Because Shannon's claims were each addressed on the merits by the Nebraska Court of Appeals, they are discussed below in the following context:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d).

## I.    Claims One and Two

### A.    § 2254(d)(2)

4

Shannon argues in both Claims One and Two that the Amended Information, which charges him in two counts without naming a specific victim, violates his Fifth Amendment right against double jeopardy and Sixth Amendment right of confrontation.

The Nebraska Court of Appeals fully analyzed the Sixth Amendment claim. The court noted the purpose of the Confrontation Clause and the two situations in which one's right of confrontation is violated:

> when either (1) he or she is absolutely prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, or (2) a reasonable jury would have received a significantly different impression of the witness' credibility had counsel been permitted to pursue his or her proposed line of cross-examination.

(Filing No. 7-2, at 13 (citing *State v. Stark,* 718 N.W.2d 509 (2006).)  *See State v. Banks,* 771 N.W.2d 75, 96 (Neb. 2009) (stating the same principles).

As the Court of Appeals concluded, neither of these two situations applied in Shannon's case. At trial, Shannon had the opportunity to cross-examine all of the State's witnesses, and his line of questioning was not limited. The State did not present any testimony from a named victim because a known victim did not exist. (*Id.*, at 13-14.)

The Court of Appeals also stated that Shannon's Claims One and Two fail for other reasons. First, an information is sufficient if it uses the appropriate statutory or equivalent language. The Court of Appeals compared the language of the Amended Information with the statute in question, Neb. Rev. Stat. § 28-201 (Reissue 1995), and found that the language met this requirement. (Filing No. 7-2, at 14-15 (citing *State v. Davlin,* 719 N.W.2d 243, 254 (Neb. 2006).)  Second, the court noted that this attempted assault charge could not name a specific victim, because the charge was based on Shannon firing into a crowd and did not contemplate a specific physically harmed victim. (*Id.*)

The Court of Appeals also addressed Shannon's Fifth Amendment double jeopardy argument. Shannon argued in the Court of Appeals, as he does in this Court, that the Amended Information is so vague without the name of an identified victim that it does not prevent him from being later charged with the same offense. The Court of Appeals determined that the Amended Information adequately advised Shannon of the nature and cause of the charge to allow him to prepare for trial and would prevent Shannon from being charged again with the same offense. (*Id.* at 16.)

In summary, the Court of Appeals found that the trial court did not abuse its discretion in amending the Information and found no merit in Shannon's claim regarding the Amended Information. (*Id.*) The Court of Appeals thoroughly analyzed Shannon's claims relating to the Amended Information. A review of the state court records (Filing Nos. 7, 9) shows that the state court decision was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

### B.   *§ 2254(d)(1)*

In order to succeed under the "unreasonable application" clause, 28 U.S.C. § 2254(d)(1), Shannon would have to prove that the Court of Appeals's decision is "'objectively unreasonable,'" rather than "incorrect or erroneous." *Christian v. Dingle,* 577 F.3d 907, 911 (8th Cir. 2009) (quoting *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). As discussed above, the state court's analysis clearly shows that Shannon's Fifth and Sixth Amendment rights were not violated. Shannon failed to show that the decision is an objectively unreasonable application of clearly established federal law. Therefore the "unreasonable application" clause, § 2254(d)(1), does not apply.

## *II.     Claims Three Through Six*

This Court's ability to review Shannon's state conviction is limited to instances of "constitutional magnitude." *Jolly v. Gammon,* 28 F.3d 51, 54 (8th Cir. 1994). Assuming that a § 2254 petitioner raises a claim of constitutional magnitude, the petitioner must exhaust state law remedies by having fairly presented the habeas claim to the state court. *Middleton v. Roper,* 455 F.3d 838, 855 (8th Cir. 2006). A "fair presentation" means that the petitioner must have directly cited "'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue'" in the state court. *Id.* (quoting *Abdullah v. Groose,* 75 F.3d 408, 411 (8th Cir.1996)); *Morris v. Norris,* 83 F.3d 268, 270 (8th Cir. 1996). Citing to the federal constitutional or federal case law in the state court briefs suffices. *Middleton,* 455 F.3d at 855; *Morris,* 83 F.3d at 270. A petitioner who has not exhausted a claim cannot present the claim in a § 2254 petition unless the petitioner "'can meet strict cause and prejudice or actual innocence standards.'" *Hunt v. Houston,* 563 F.3d 695, 703 (8th Cir. 2009) (quoting *Clemons v. Luebbers,* 381 F.3d 744, 751 (8th Cir. 2004)). To show prejudice, the petitioner must "show a reasonable probability that, but for the alleged constitutional violations, the result of the proceeding would have been different." *Id.* at 704. "Actual innocence" requires a showing that "no reasonable juror would have convicted" the petitioner. *Schlup v. Delo,* 513 U.S. 298, 329 (1995).

Applying these principles to Shannon's case, Claims Three through Six concern state law issues. None of these claims relates to errors of constitutional magnitude. To the extent that Shannon attempts to present these claims in the context of the Fifth and Sixth Amendments in his § 2254 petition (Filing No. 1) and his briefs (Filing Nos. 2,3), the

claims fail because they are procedurally defaulted.  Shannon never referred the Nebraska Court of Appeals to a federal constitutional provision or federal case law in presenting the claims raised in his § 2254 petition as Claims Three through Six.  (Filing Nos. 7-3, at 1-72.)  Therefore, none of these claims was presented as a constitutional claim to the Nebraska Court of Appeals.  (Filing No. 7-2.)  Shannon has not shown prejudice or actual innocence with respect to Claims Three through Six.  These claims are therefore procedurally defaulted and not cognizable in this § 2254 action.

## CONCLUSION

Shannon has not met his burden under § 2254(d)(1) or (2) with respect to Claims One and Two.  Claims Three through Six are procedurally defaulted.  Therefore, his § 2254 petition is denied with prejudice.

IT IS ORDERED:

1. The Petition For a Writ of Habeas Corpus (Filing No. 1) is denied with prejudice; and

2. A separate Judgment will be entered.

DATED this 9th day of October, 2009.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge

8