IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GENE SHANNON, | ) | CASE NO. 8:08CV524 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ROBERT P. HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the following motions filed by the Petitioner, Gene Shannon: for leave to proceed in forma pauperis on appeal (Filing No. 38), accompanied by a poverty affidavit (Filing No. 39); and for release pending appeal (Filing No. 40).

***Leave to Proceed In Forma Pauperis; Certificate of Appealability***

Federal Rule of Appellate Procedure 24 governs Shannon's ability to proceed in forma pauperis in this appeal.

However, before Shannon may appeal the denial of his § 2254 motion, a "Certificate of Appealability" must issue.   Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996,  Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), the right to appeal the denial of a § 2254 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c).  28 U.S.C. § 2253(c)(1) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;
> >
> > . . . .

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A "substantial showing of the denial of a constitutional right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were ""adequate to deserve encouragement to proceed further."""  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)).

The issues raised in the § 2254 motion were carefully considered.  For the reasons discussed in the Court's previously issued Memorandum and Order (Filing No. 34) denying Shannon's § 2254 petition, the Court concludes that he has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c). Therefore, the Court declines to issue a certificate of appealability or a motion for leave to proceed in forma pauperis on appeal.

***Release Pending Appeal***

The Petitioner moves for release on personal recognizance without surety under Federal Appellate Rule of Procedure 23(b)(3) for the reasons stated in his brief supporting his notice of appeal (Filing No. 37).  In the brief, the Petitioner relies heavily on *Melendez-Diaz v. Massachusetts,* 129 S. Ct. 2527 (2009), which involved the admission of "certificates of analysis" showing the results of the forensic analysis performed on controlled substances, over the petitioner's objection under *Crawford v. Washington,* 541

U.S. 36 (2004). In deciding that the admission of the certificates violated the Confrontation Clause, the Court determined that the analysts' statements in the certificates constituted testimony against the petitioner. *Id.* at 2540 & 2542. In Shannon's case, there was no testimony against him by an unnamed person in the Amended Information. Therefore, Shannon's reliance on *Melendez-Diaz* is misplaced. Shannon's remaining arguments are similar, if not identical, to those presented initially in support of his § 2254 petition.

Due to the status of Shannon's appeal following the denial of his request for leave to proceed in forma pauperis and the meritless claims previously considered, Shannon's motion for release is denied.

IT IS ORDERED:

1. A certificate of appealability is denied;

2. The Court denies the Petitioner's motion for leave to proceed in forma pauperis on appeal (Filing No. 38);

3. The Petitioner's motion for release pending appeal (Filing No. 40) is denied; and

4. The Clerk of Court shall provide a copy of this Memorandum and Order to the Eighth Circuit Court of Appeals.

DATED this 26th day of October, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge